UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBU TRADING, INC. : | |
|     Plaintiff, : | |
| v. : | Civil Action No. 06-276 GMS |
| CHARLES C. ALLEN, III, : | |
|     Defendant. : | |

## MOTION TO DISMISS

Defendant Charles C. Allen, III, (*"Allen"*) by and through his undersigned counsel, moves the Court for an Order dismissing the above captioned case pursuant to F. R. Civ. Proc. 12(b)(1) and (6). In support of his motion, Allen avers as follows:

1. The introductory paragraph of Plaintiff's Complaint contains the following "Allegation of jurisdiction":

The case arises under Poultry Products Inspection Act, paragraph 467 c of Chapter 10/Section 1 of Pub. L. 85-172 ('the US district courts are vested with jurisdiction specifically to enforce and to prevent and restrained (sic) violations of, this chapter, and shall have jurisdiction in all other kinds of cases arising under this chapter'). The Defendant's conduct interfered with this federal statute.

2. Section 467c of the Poultry Products Inspection Act also provides – in the sentence following the material quoted by Plaintiff to establish the Court's jurisdiction - that "(a)ll proceedings for the enforcement or to restrain violations of this chapter shall be by and in the name of the United States." 21 *U.S.C.* § 467c. Thus, the Poultry Products Inspection Act may be enforced only by the United States, not by individual litigants. In *Rogers v. Tyson Foods, Inc.*, 308 F.3d 785 (7th Cir. 2002), the Seventh Circuit held that the Poultry Products Inspection Act did not provide a basis for federal jurisdiction because the Poultry Products Inspection Act does not provide any private right of action. *Rogers* at 790-91. The issue before the court in *Rogers* was whether the ability to bring suit under federal law is a necessary condition of complete preemption. *Id.* at 787-790. The Court found that the right to sue under federal law is a prerequisite for complete preemption and observed that, while the parties disagreed on the prerequisites for preemption, there was no dispute among the parties that the Poultry Products Inspection Act provides no private right of action. *Id.* at 790.

3. Plaintiff lacks standing to enforce the alleged violations of the Poultry Products Inspection Act which Plaintiff asserts as the basis of the District Court's jurisdiction.

WHEREFORE, Allen asks that this Court enter an order:

    A.    Dismissing the Plaintiff's complaint, with prejudice;

    B.    Assessing the costs of this action against the Plaintiff; and

3

    C.    For such other and further relief as may be just and equitable.

WILSON, HALBROOK & BAYARD, P.A.

_/s/ Mark D. Olson_
_____
Mark D. Olson
David C. Hutt
107 West Market Street
P.O. Box 690
Georgetown, DE 19947
302-856-0015
Attorneys for Defendant

Dated: June 5, 2006

## CERTIFICATE OF SERVICE

    WILSON, HALBROOK & BAYARD, P.A., hereby certifies that two true and correct copies of the Motion to Dismiss of Defendant Charles C. Allen, III, attached hereto, were served upon:

Albu Trading, Inc.
2960 Grand Concourse L2
Bronx, NY 10458
Attn: Peter Albu, President

By being mailed through the United States Postal Service at Wilmington, Delaware on this 5th day of June, 2006.

WILSON, HALBROOK & BAYARD, P.A.

By: _____
Mark D. Olson, Esquire

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALBU TRADING, INC. | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-276 GMS |
| CHARLES C. ALLEN, III, | : | |
| Defendant. | : | |

ORDER

AND NOW, to wit, this _____ day of _____, 2006, the Court having considered the Defendant's Motion to Dismiss and any response thereto;

IT IS HEREBY ordered that the above captioned matter is dismissed, with prejudice, pursuant to F. R. Civ. Proc. 12(b)1 and 12(b)(6), and that the costs of this action shall be assessed against and paid by the Plaintiff.

_____
J.