IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

ALBU TRADING, INC.

    Plaintiff,     )   C.A. No. 06-276 GMS

  v.

CHARLES C. ALLEN III

(President of Allen Family Foods, Inc.)

    Defendant

## REPLY TO THE MOTION TO DISMISS

AS AND FOR DENIAL OF THE MOTION TO DISMISS AND FOR A SUPLEMENTARY ELABORATION TO THE CAUSE OF THIS CIVIL ACTION

   1. The Defendant filed a motion to dismiss for lack of subject matter jurisdiction, because the court lacks the authority to hear the dispute.

   2. The Defendant avers that Plaintiff lacks standing to

2

enforce the violations of the Poultry Products Inspection Act, because under the Section 467c of this Act "all proceedings for the enforcement or to restrain violations of this chapter shall be by and in the name of the United States," and "thus, the Poultry Products Inspection Act may be enforced only by the United States, not by individual litigants."

3. The motion for dismiss should be denied for the following reasons:

The current civil action was not instituted for the enforcement or to restrain violations that are included in the Poultry Products Inspection Act, as Defendant avers because, that is, exclusively, under the ability and competence of United States.

4. Under the provisions of Section 467c of Poultry Products Act it is established that "the US district courts…are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of, this chapter, and *shall have jurisdiction in all other kinds of cases arising under this chapter…*"

5. It is established that "all proceedings for the enforcement or to restrain violations of this chapter shall be by and in the name of the United States".

3

6. As it is implemented by the above mentioned provisions, the proceedings by and in the name of the United States is limited, and subjected only to "the enforcement or to restrain violations" that are included in the Act.

7. That means that, regarding "all other kinds of cases arising under (the Act)" ( in an area where the competence to proceed is not exclusively extended to the United States), there is a clear indication of congressional intent to create a private remedy, in proceedings, for others, not only for United States.

8. The body of the Poultry Products Inspection Act consists, mainly, in the establishment of offenses and punishment (violations, liability of agents, employees and employers), that, for enforcement, it is under the policy and competence of the United States.

9. Within the introduction of the Poultry Products Inspection Act, there is a Congressional statement of findings (Section 451) and a Congressional declaration of policy (Section 452), that give consistence to the rest of the provisions of Poultry Products Inspection Act, with its establishment of violations under the policy of the United States.

10. The Congressional statement of findings and

4

declaration of policy establish the general principles and requirements of the commerce with poultry, interstate or with a foreign country.

11. Under the above provisions it is considered that "it is essential in the public interest that the health and welfare of consumers be protected *by assuring that poultry products distributed to them are wholesome, not adulterated ...*" and that " it is hereby found that all articles and poultry which are regulated under this chapter are either in interstate or foreign commerce or substantially affect such commerce, and that regulation by the Secretary of Agriculture and cooperation by the States and other jurisdictions as contemplated by this chapter *are appropriate to prevent and eliminate burdens upon such commerce*, to effectively regulate such commerce, and to protect the health and welfare of consumers ".

"It is hereby declared to be the policy of the Congress to provide for the inspection of poultry and poultry products..."

"It is the intent of Congress that when poultry and poultry products are condemned because of disease, the reason for condemnation in such instances shall be supported by scientific fact, information, or criteria, and such condemnation under this chapter shall be achieved through uniform inspection standards and uniform applications

4

5

thereof." (See attached, Exhibit A - extras from Poultry Products Inspection Act, with the Congressional statement of findings and the Congressional declaration of policy, also the provisions of Section 467c)

12. Delivering poultry products to a foreign country without testing for Salmonella, Allen Family Foods contradicted with the uniform inspection standard and uniform applications, that is required by the Congressional declaration of policy included in the Act.

13. Delivering contaminated poultry products, Allen Family Foods put at risk the health and welfare of consumers in the country where the poultry products were intended to be exported.

14. While in Romania, the poultry products were found contaminated with Salmonella and thus prohibited for consumption; they were destroyed.

15. After the trial, the federal agency admitted that, in fact, no Salmonella testing was conducted on the products (and that the original statements were wrongs).

16. Allen Family Foods, the producer of the goods, had knowledge that the poultry exported to the foreign country were not tested for Salmonella because, under the federal requirements, the

6

producer of the goods is required to apply to the federal agency for testing.

17. The Plaintiff sued for civil remedies in the state court, but Allen Family Foods filed a motion for summary judgment, based on the allegations that the poultry products were tested for Salmonella and were found in conformity for export.

18. Also, to support the allegations, Allen Family Foods used the veterinary certificates issued by the federal agency, knowing that they were falsely made, regarding to the statement that the poultry was found with no evidence of Salmonella, at the time of delivery.

19. The state civil courts granted the summary judgment motion, on the considerations that Allen Family Foods respected all the requirements of federal policy in matter of export and, consequently, deprived the Plaintiff for a full trial in recovering for damages.

20. The Plaintiff instituted the civil action on the basis that, on being sued in the state court for civil remedies, Allen Family Foods, with intent to defraud, made false statements regarding how the provisions of Poultry Products Inspection Act (together with the introductory congressional statements) were applied and, fraudulently, used the veterinary certificates issued by the federal agency as to convince the state

7

court that there was no any infringements of the federal policy in the matter.

21. Allen Family Foods perpetrated false statements in the court, in order to hide major infringements of the federal policy in the matter - that is technically a perjury.

22. The conduct of Allen Family Foods in the state court was inappropriate and prejudiciativ.

23. The constitutional principles requires that any allegation made in the law courts should be in good faith.

24. Because the limited liability of Allen Family Foods should not interfere and defeat the federal policy, a private remedy becomes available for the Plaintiff to ask the US district court to pierce the corporate veil, and to find the president of the company personally liable for corporate activity that violated a federal statute.

25. Under the Congressional statement for findings (introductory to the Act), Allen Family Foods was under the requirement to assure, that poultry products destined for export were not unwholesome, or unadulterated.

26. Also, under the Congressional statement for findings, Allen Family Foods was required to consider everything, that is

8

appropriate, to prevent and eliminate burdens upon a commerce that was inadequately made.

27. Both of the above mentioned congressional statements were infringed, when Allen Family Foods made false statements in the court regarding to the conformity of the products,

WHEREFORE,

The Plaintiff asks that the Court deny the Motion to Dismiss

Albu Trading, Inc / Reter Albu, President

8

CERTIFICATE OF SERVICE

I, the undersigned Peter Albu, President of Albu Trading, Inc/ Plaintiff in civil action 06-276 GMS –certifies that 2 copies of the Answer to the Motion to Dismiss was  mailed through the United States Postal Service  to Mr. Mark D. Olson, the attorney for the Defendant, at the following address: 107 West Market Street, PO Box 690, Georgetown, DE 19947 –today June 28 , 2006.

By, Peter Albu/

 Page 1 of 22



### Poultry Products Inspection Act

### Title 21 - Food and Drugs

### Chapter 10 - Poultry and Poultry Products Inspection

#### §451. Congressional statement of findings

Poultry and poultry products are an important source of the Nation's total supply of food. They are consumed throughout the Nation and the major portion thereof moves in interstate or foreign commerce. It is essential in the public interest that the health and welfare of consumers be protected by assuring that poultry products distributed to them are wholesome, not adulterated, and properly marked, labeled, and packaged. Unwholesome, adulterated, or misbranded poultry products impair the effective regulation of poultry products in interstate or foreign commerce, are injurious to the public welfare, destroy markets for wholesome, not adulterated, and properly labeled and packaged poultry products, and result in sundry losses to poultry producers and processors of poultry and poultry products, as well as injury to consumers. It is hereby found that all articles and poultry which are regulated under this chapter are either in interstate or foreign commerce or substantially affect such commerce, and that regulation by the Secretary of Agriculture and cooperation by the States and other jurisdictions as contemplated by this chapter are appropriate to prevent and eliminate burdens upon such commerce, to effectively regulate such commerce, and to protect the health and welfare of consumers.

#### Sec. 452. Congressional declaration of policy

It is hereby declared to be the policy of the Congress to provide for the inspection of poultry and poultry products and otherwise regulate the processing and distribution of such articles as hereinafter prescribed to prevent the movement or sale in interstate or foreign commerce of, or the burdening of such commerce by, poultry products which are adulterated or misbranded. It is the intent of Congress that when poultry and poultry products are condemned because of disease, the reason for condemnation in such instances shall be supported by scientific fact, information, or criteria, and such condemnation under this chapter shall be achieved through uniform inspection standards and uniform applications thereof.

#### Sec. 453. Definitions

For purposes of this chapter -

- **(a)** The term "commerce" means commerce between any State, any territory, or the District of Columbia, and any place outside thereof; or within any territory not organized with a legislative body, or the District of Columbia.

- **(b)** Except as otherwise provided in this chapter, the term "State" means any State of the United States and the Commonwealth of Puerto Rico.

- **(c)** The term "territory" means Guam, the Virgin Islands of the United States, American Samoa, and any other territory or possession of the United States, excluding the Canal Zone.

- (i) was found after inspection under this chapter to be wholesome and not adulterated within the meaning of paragraphs (1) through (7) of section 453(g) of this title and a determination was made at the time of entry of the decree that such article was wholesome and not so adulterated; and
- (ii) was plainly marked "Not for Sale" on such article or its container.

- **(b) Condemnation or seizure under other provisions unaffected**
  The provisions of this section shall in no way derogate from authority for condemnation or seizure conferred by other provisions of this chapter, or other laws.

### Sec. 467c. Federal court jurisdiction of enforcement and injunction proceedings and other kinds of cases; limitations; United States as plaintiff; subpoenas

The United States district courts, the District Court of Guam, the District Court of the Virgin Islands the highest court of American Samoa, and the United States courts of the other territories, are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of, this chapter, and shall have jurisdiction in all other kinds of cases arising under this chapter, except as provided in section 457(d) or 467 of this title. All proceedings for the enforcement or to restrain violations of this chapter shall be by and in the name of the United States. Subpoenas for witnesses who are required to attend a court of the United States, in any district, may run into any other district in any such proceeding.

### Sec. 467d. Administration and enforcement; applicability of penalty provisions; conduct of inquiries; power and jurisdiction of courts

For the efficient administration and enforcement of this chapter, the provision (including penalties) of sections 46, 48, 49 and 50 of title 15 (except paragraphs (c) through (h) of section 46 and the last paragraph of section 49 [1] of title 15), and the provisions of section 409 (l) [1] of title 47, are made applicable to the jurisdiction, powers, and duties of the Secretary in administering and enforcing the provisions of this chapter and to any person with respect to whom such authority is exercised. The Secretary, in person or by such agents as he may designate, may prosecute any inquiry necessary to his duties under this chapter in any part of the United States, and the powers conferred by said sections 49 and 50 of title 15 on the district courts of the United States may be exercised for the purposes of this chapter by any court designated in section 467c of this title.

### Sec. 467e. Non-Federal jurisdiction of federally regulated matters; prohibition of additional or different requirements for establishments with inspection services and as to marking, labeling, packaging, and ingredients; recordkeeping and related requirements; concurrent jurisdiction over distribution for human food purposes of adulterated or misbranded and imported articles; other matters

Requirements within the scope of this chapter with respect to premises, facilities and operations of any official establishment which are in addition to, or different than those made under this chapter may not be imposed by any State or Territory or the District of Columbia, except that any such jurisdiction may impose recordkeeping and other requirements within the scope of paragraph (b) of section 460 of this title, if consistent therewith, with respect to any such establishment. Marking, labeling, packaging, or ingredient requirements (or storage or handling requirements found by the Secretary to unduly interfere with the free flow of poultry products in commerce) in addition to, or different than, those made under this chapter may not be imposed by any State or Territory or the District of Columbia with respect to articles prepared at any official establishment in accordance with the requirements under this chapter, but any State or Territory or the District of Columbia may, consistent with the requirements under this chapter exercise concurrent jurisdiction with the Secretary over articles required to be inspected under this chapter for the purpose of preventing the distribution for human food purposes of any such articles which are adulterated or misbranded and are outside of such an establishment, or, in the case of imported articles which are not at such