IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>ALBU TRADING, INC.,<br><br>              Plaintiff<br><br>v.<br><br>CHARLES C. ALLEN, III<br><br>              Defendant | Case No. 06-276 GMS |

**MOTION OF PLAINTIFF, ALBU TRADING, INC., FOR LEAVE OF COURT TO FILE SUPPLEMENTAL RESPONSE TO PENDING MOTION TO DISMISS**

Plaintiff Albu Trading, Inc. ("Plaintiff" or "Albu"), by and through its counsel, Harvey, Pennington Ltd.; hereby requests leave of court to file a supplemental response to the Motion to Dismiss filed by Defendant, Charles C. Allen, III ("Defendant" or "Allen") and in support thereof avers as follows:

        1.      Plaintiff filed the instant Complaint on April 27, 2006, for actions which occurred in 1998 and which are briefly outlined in Plaintiff's Complaint. Briefly stated, Plaintiff alleges the Defendant sold contaminated chickens to the Plaintiff which caused Plaintiff to sustain substantial damages when it unsuccessfully attempted to re-sell the chickens in Romania. More specifically, when the chickens were shipped to Romania, the Romanian authorities discovered that the chickens were contaminated with salmonella. The products were prohibited for consumption and subsequently destroyed.

        2.      Plaintiff had originally filed a complaint ("first lawsuit") against Allen Family Foods, Inc. ("Allen Family Foods") in New York state court. The case in New York was dismissed on *forum non conveniens* grounds. The Plaintiff then filed an action in the Superior

717631_1

Court of the State of Delaware on May 10, 2000.

       3.      After the first lawsuit was commenced, Allen Family Foods filed a motion for summary judgment based on a letter from the Food Safety and Inspection Service ("FSIS") which purportedly established that the chickens were free of salmonella when they were delivered by Allen Family Foods and were therefore fit to be exported to Romania.

       4.      The Superior Court granted the motion for summary judgment and Albu Trading appealed.

       5.      While the case was on appeal, the FSIS corrected its initial letter and definitively stated that no salmonella testing was conducted on the chicken products at any stage.

       6.      The Delaware Supreme Court remanded the matter to the Superior Court for reconsideration based on the new information. The Superior Court, however, ruled that Albu failed to prove that it exercised reasonable diligence in discovering the new FSIS information prior to the ruling on the motion for summary judgment. The Superior Court, therefore, upheld its previous ruling which granted summary judgment.

       7.      Plaintiff again appealed and the case came before the Delaware Supreme Court in April 2003. Two weeks prior to the Supreme Court's decision, however, Plaintiff's counsel died and Plaintiff was given only two weeks to find new counsel.

       8.      The Delaware Supreme Court subsequently affirmed the ruling of the Delaware Supreme Court and Plaintiff's case was dismissed.

       9.      On or about April 27, 2006, Plaintiff filed a new complaint against Charles C. Allen, III, President of Allen Family Foods, Inc., for damages arising out of the sale of the contaminated chicken and Mr. Allen's actions as a responsible party for the sale of the damaged chickens to the Plaintiff.

717631_1

10. On May 4, 2006, after Plaintiff filed the new Complaint, this Court entered an order requiring Plaintiff to obtain counsel within thirty (30) days thereof.

11. On May 26, 2006, Plaintiff filed a motion to extend the time in which he had to obtain counsel. This Honorable Court granted the Motion and Plaintiff was given until June 20, 2006 to obtain counsel.

12. On or about June 26, 2006, Plaintiff again filed a motion seeking an enlargement of time in which to obtain counsel. This Honorable Court again granted Plaintiff's motion and Plaintiff was permitted one final opportunity to obtain counsel by July 17, 2006.

13. Meanwhile, on June 6, 2006, Defendants filed a motion to dismiss Plaintiff's Complaint. Plaintiff responded to the motion dismiss on June 29, 2006.

14. Plaintiff has now obtained counsel and counsel seeks leave of court to file a supplemental response to Defendant's motion to dismiss.

15. Rule 6(b) of the Federal Rules of Civil Procedure provides:

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them.

FED. R. CIV. P. 6(b).

16. Enlargement of the time permitted to respond to a pending motion is permitted by Rule 6(b), a party may not presume to have an extension of time, and such enlargement of time must be ordered by the Court. 1 *Moore's Federal Practice* 3d, §6.06[1][b];

717631_1

*See also, Orange Theatre Corp. v. Raherstz Amusement Corp.*, 130 F.2d 185 (3d Cir. 1942), *cert. denied*, 322 U.S. 740 (1944).

17. In order for a party to obtain an enlargement of time, such party must show "excusable neglect;" e.g., good faith and a reasonable basis for non-compliance with the deadline. 1 *Moore's Federal Practice* 3d, §6.06[3][b].

18. The court may find an absence of good cause for an enlargement of time on the basis of the failure to file a motion for extension of time. 1 *Moore's Federal Practice* 3d, §6.06[4].

19. Given that Plaintiff has only recently obtained counsel, Plaintiff respectfully requests that it be given additional time to file a supplemental response to the pending motion to dismiss and be permitted to potentially file an amended pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure.

20. This case has only been pending since April 27, 2006, or a little over three (3) months. Thus, neither party will be prejudiced if Plaintiff is given an additional opportunity to respond to the motion to dismiss.

717631_1

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant him leave to file a supplemental response to Defendant's Motion to Dismiss.

HARVEY, PENNINGTON LTD.

Dated: August 21, 2006

By: /s/ *"J" Jackson Shrum*
"J" Jackson Shrum, Esq. (# 4757)
Patrick J. Cosgrove, Esq.
913 N. Market Street, 7th Floor
Wilmington, Delaware 19801
(302) 428-0719 (telephone)
(302) 428-0734 (fax)
jshrum@harvpenn.com

*Counsel to Albu Trading, Inc.*

717631_1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | |
| ) | |
| ALBU TRADING, INC., ) | |
| ) | |
| Plaintiff ) | Case No. 06-276 GMS |
| ) | |
| v. ) | |
| ) | |
| CHARLES C. ALLEN, III ) | |
| ) | |
| Defendant ) | |

**BRIEF IN SUPPORT OF THE MOTION OF PLAINTIFF, ALBU TRADING, INC., FOR LEAVE OF COURT TO FILE SUPPLEMENTAL RESPONSE TO PENDING MOTION TO DISMISS**

For the reasons set forth with particularity in the foregoing motion, and in accord with Local Rule of Civil Procedure 7.1.2, Plaintiff should be granted leave of Court to file a supplemental response to the pending motion to dismiss.

HARVEY, PENNINGTON LTD.

Dated: August 21, 2006

By: /s/ "J" Jackson Shrum
"J" Jackson Shrum, Esq. (# 4757)
Patrick J. Cosgrove, Esq.
913 N. Market Street, 7th Floor
Wilmington, Delaware 19801
(302) 428-0719 (telephone)
(302) 428-0734 (fax)
jshrum@harvpenn.com

*Counsel to Albu Trading, Inc.*

717631_1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) <br> ) <br> ALBU TRADING, INC., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> CHARLES C. ALLEN, III ) <br> ) <br> Defendant ) | Case No. 06-276 GMS |

## ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of the Motion for Leave of Court to File a Supplemental Response to the Pending Motion to Dismiss of Plaintiff Albu Trading, Inc. and any response in opposition thereto by the plaintiff, and upon good cause shown, it is hereby **ORDERED** that said Motion is **GRANTED**, and Plaintiff is granted leave to file its Supplemental Response within ten (10) days of the entry of this Order

By the Court:

_____
Honorable Gregory M. Sleet

717631_1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | |
| ) | |
| ALBU TRADING, INC., ) | |
| ) | |
| Plaintiff ) | Case No. 06-276 GMS |
| ) | |
| v. ) | |
| ) | |
| CHARLES C. ALLEN, III ) | |
| ) | |
| Defendant ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2006, I caused true and correct copies of the foregoing *Motion for Leave to File a Supplemental Response to the Pending Motion to Dismiss* to be served upon those parties on the attached service list in the manner indicated.


/s/ "J" Jackson Shrum_____
"J" Jackson Shrum (#4757)

**VIA FIRST CLASS MAIL**
David C. Hutt, Esq.
Mark D. Olson, Esq.
Wilson, Halbrook & Bayard, P.A.
107 West Market Street
P.O. Box 690
Georgetown, DE  19947

717289_1                                4