IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | |
| ) | |
| ALBU TRADING, INC., ) | |
| ) | |
| Plaintiff ) | Case No. 06-276 GMS |
| ) | |
| v. ) | |
| ) | |
| CHARLES C. ALLEN, III, ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION AND SUPPLEMENTAL RESPONSE OF PLAINTIFF ALBU TRADING, INC. TO THE PENDING MOTION TO DISMISS**

Plaintiff Albu Trading, Inc. ("Plaintiff" or "Albu Trading"), by and through its counsel Harvey, Pennington Ltd., hereby supplements its response to its Opposition to Defendant Charles C. Allen, III's ("Defendant" or "Allen") Motion to Dismiss, and in support thereof avers as follows:

I.  **PROCEDURAL HISTORY AND STATEMENT OF FACTS**

1. Plaintiff filed the instant Complaint on April 27, 2006, for actions which occurred in 1998 and which are outlined in Plaintiff's Complaint. Briefly stated, Plaintiff alleges the Defendant sold contaminated chickens to the Plaintiff which caused Plaintiff to sustain substantial damages when it unsuccessfully attempted to re-sell the chickens in Romania. More specifically, when the chickens were shipped to Romania, the Romanian authorities discovered that the chickens were contaminated with salmonella. The products were prohibited for consumption and subsequently destroyed.

2. Plaintiff had originally filed a Complaint ("original lawsuit") against Allen Family Foods, Inc. ("Allen Family Foods") in New York state court. The case in New York was

dismissed on *forum non conveniens* grounds and was then re-filed in the Superior Court of the State of Delaware on May 10, 2000.

3. After the original lawsuit was commenced, Allen Family Foods filed a motion for summary judgment based on a letter from the Food Safety and Inspection Service ("FSIS") which purportedly established that the chickens were free of salmonella when they were delivered by Allen Family Foods and were therefore fit to be exported to Romania. The Superior Court granted the motion for summary judgment and Albu Trading appealed.

4. While the case was on appeal, the FSIS corrected its initial letter and definitively stated that no salmonella testing was conducted on the chicken products at any stage. The Supreme Court remanded the matter to the Superior Court for reconsideration based on the new information. The Superior Court, however, ruled that Albu Trading failed to prove that it exercised reasonable diligence in discovering the new FSIS information prior to the ruling on the motion for summary judgment. The Superior Court, therefore, upheld its previous ruling which granted summary judgment.

5. Plaintiff again appealed and the case came before the Delaware Supreme Court in April 2003. Two weeks prior to the Supreme Court's decision, however, Plaintiff's counsel died and Plaintiff was given only two weeks to find new counsel. The Delaware Supreme Court subsequently affirmed the ruling of the Delaware Supreme Court and Plaintiff's case was dismissed.

6. On or about April 27, 2006, Plaintiff filed a new complaint against Charles C. Allen, III, President of Allen Family Foods, Inc., for damages arising out of the sale of the contaminated chicken and Mr. Allen's actions as a responsible party for the sale of the damaged chickens to the Plaintiff.

7.  On May 4, 2006, after Plaintiff filed the new Complaint, an Order was issued upon Plaintiff to obtain counsel within thirty (30) days of the date of the Order. On May 26, 2006, Plaintiff filed a motion to extend the time in which he had to obtain counsel. This Honorable Court granted the Motion and Plaintiff was given until June 20, 2006, to obtain counsel.

8.  On or about June 26, 2006, Plaintiff again filed a motion seeking an enlargement of time in which to obtain counsel. This Honorable Court again granted Plaintiff's motion and Plaintiff was permitted one final opportunity to obtain counsel by July 17, 2006.

9.  Meanwhile, on June 6, 2006, Defendants filed a motion to dismiss Plaintiff's Complaint. Plaintiff responded to the motion dismiss on June 29, 2006. Plaintiff filed a motion for leave of court to supplement its response to the motion to dismiss. Plaintiff now files its Supplemental Response in Opposition to the Pending Motion to Dismiss and submits the following in support thereof.

## II.  LEGAL ARGUMENT

### A.  Standard for Motion to Dismiss under FED. R. CIV. P. 12(b)(6).

10. The Federal Rules of Civil Procedure provide that:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . (6) failure to state a claim upon which relief can be granted,

See FED. R. CIV. P. 12(b)(6).

11. When considering a Rule 12(b)(6) motion, the Court accepts as true all of the allegations in the complaint *and all reasonable inferences* that can be drawn therefrom, and views them in the light most favorable to the plaintiff. *Rocks v. City of Philadelphia*, 868 F.2d

644, 645 (3d Cir. 1989); *D.P. Enter. Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir. 1984); *Edwards v. Wyatt*, 266 B.R. 64 (E.D. Pa. 2001) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994)(emphasis added).

12. A Rule 12(b)(6) motion should only be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." *D.P. Enter. Inc.*, 725 F.2d at 944; *Richardson v. Pennsylvania Dep't of Health*, 561 F.2d 489, 492 (3d Cir. 1977).

13. The threshold a plaintiff must meet to satisfy pleading requirements is exceedingly low; a court may dismiss a complaint only if the plaintiff can prove *no set of facts* that would entitle relief. *Bobbi v. Dole*, 176 F. Supp. 2d 338 (E.D. Pa. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957))(emphasis added). For purposes of a motion to dismiss, a complaint will be deemed to have alleged sufficient facts if it adequately puts defendants on notice of the essential elements of the cause of action. *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491 (M.D. Pa. 2005).

14. A complaint need not plead law or match facts to every element of a legal theory. *Weston v. Pennsylvania*, 251 F.3d 420 (3d Cir. 2001). The federal rules do not impose upon plaintiff the burden of filing detailed, factually intense pleadings on which the claim is based. *Sabree ex rel. v. Houston*, 245 F. Supp. 2d 653, 656 (2003), *rev'd on other grounds*, 367 F.3d 180 (E.D. Pa. 2003). Where a *pro se* plaintiff lacks knowledge of the procedures available, a court will often freely grant leave to amend the complaint. *See Milhouse v. Carlson*, 652 F.2d 371 (3d Cir. 1981)(citing *Whitner v. Davis*, 410 F.2d 24, 31 (9th Cir. 1969)).

15. Here, Plaintiff was acting *pro se* when he filed both the Complaint and his response to Defendants' Motion to Dismiss. As such, Plaintiff may have been unaware of the proper causes of action to plead in his Complaint. Plaintiff did, however, provide ample facts in

his Complaint to support several causes of action. Based on both this and the liberal pleading requirements under the Federal Rules of Civil Procedure, Plaintiff hereby requests that this Honorable Court deny Defendant's Motion to Dismiss and allow the parties to proceed to discovery in this matter.

### III.    CONCLUSION

For all of the foregoing reasons, the Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6).

HARVEY, PENNINGTON LTD.

Dated:  September 25, 2006

By: /s/ *"J" Jackson Shrum*
"J" Jackson Shrum, Esq. (DE Bar No. 4757)
Patrick J. Cosgrove, Esq.
913 N. Market Street, 7th Floor
Wilmington, Delaware 19801
(302) 428-0719 (telephone)
(302) 428-0734 (fax)
jshrum@harvpenn.com

*Counsel to Albu Trading, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | ) |
| | ) |
| ALBU TRADING, INC., | ) |
| | ) |
| Plaintiff | ) Case No. 06-276 GMS |
| | ) |
| v. | ) |
| | ) |
| CHARLES C. ALLEN, III, | ) |
| | ) |
| Defendant | ) |

**CERTIFICATE OF SERVICE**

I, "J" Jackson Shrum, hereby certify that on September 25, 2006, I caused true and correct copies of the foregoing *Opposition and Supplemental Response of Plaintiff Albu Trading, Inc. to the Pending Motion to Dismiss* in the above-captioned case to be served upon those parties on the attached service list in the manner indicated.

DATED: September 25, 2006         /s/ "J" Jackson Shrum
                                  "J" Jackson Shrum (#4757)

**VIA FIRST CLASS MAIL**
David C. Hutt, Esq.
Mark D. Olson, Esq.
Wilson, Halbrook & Bayard, P.A.
107 West Market Street
P.O. Box 690
Georgetown, DE 19947