IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBU TRADING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-276 (GMS) |
| ) | |
| CHARLES C. ALLEN, III, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

1.    On April 27, 2006, Albu Trading, Inc. ("Albu") filed the present action against Charles C. Allen, III ("Allen"), president of Allen Family Foods ("Allen Foods").[1] According to the complaint, on May 14, 1998, Albu purchased a quantity of chicken backs from Allen Foods. (D.I. 1 ¶ 3.) After delivery, Albu exported the chicken products to Romania. (Id.) When the chicken products arrived in Romania, they were contaminated with salmonella. (Id.) Accordingly, the Romanian authorities pronounced the chicken products unfit for consumption and destroyed them. (Id.)

2.    On May 10, 2000, Albu initiated litigation in the Superior Court of the State of Delaware, New Castle County (the "Superior Court"), to recover the purchase price for the chicken products. Albu's theory of the case was that the chicken was contaminated when delivered by Allen Foods. Allen Foods filed a motion for summary judgment, which the Superior Court granted on August 30, 2001, dismissing Albu's case. Albu appealed to the Supreme Court of the State of Delaware (the "Delaware Supreme Court"), which remanded the case to the Superior Court on February 20, 2002 to consider Albu's motion to alter the judgment.

---

[1] Albu initially filed this action pro se. On May 4, 2006, the court issued an Order (D.I. 3) directing Albu to obtain counsel. On July 14, 2006, Albu obtained counsel and is currently represented.

3.   On April 4, 2002, the Superior Court determined that Albu had failed to establish that it was entitled to an alteration or amendment of the court's final judgment. Albu appealed this ruling to the Delaware Supreme Court. On November 22, 2002, the court affirmed the Superior Court decision. Albu filed a motion for reargument on the summary judgment issue, which the Delaware Supreme Court granted. On April 29, 2003, the Delaware Supreme Court affirmed the Superior Court's August 30, 2001 Order granting summary judgment to Allen Foods, thereby disposing of Albu's case.

4.   On June 6, 2006, Allen filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (D.I. 6), pursuant to Federal Rule of Civil Procedure 12(b)(1). An attack pursuant to Federal Rule of Civil Procedure 12 (b)(1) challenges the jurisdiction of the court to address the merits of the complaint. *Lieberman v. Delaware*, No. CIV. A. 96-523 GMS, 2001 WL 1000936, at *1 (D. Del. Aug. 30, 2001). Such a motion may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the sufficiency of jurisdictional fact. *Mortensen v. First Fed. Sav. & Loan*, 439 F.2d 884, 891 (3d Cir.1977) (distinguishing standard governing each type of challenge); *see Lieberman*, 2001 WL 1000936, at *1 (finding facial challenge where defendant did not dispute facts alleged in complaint that supported court's subject matter jurisdiction). The case at hand presents a facial challenge because Allen does not attack the merits of Albu's claims. Accordingly, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of Albu. *Mortensen*, 549 F.2d at 891.

5.   In the present case, Albu alleges that Allen's conduct interfered with section 467c of the Poultry Products and Inspection Act (the "PPIA"), 21 U.S.C. § 452, et seq. Congress enacted the PPIA to provide for the inspection, regulate the processing and distribution, and prevent the sale of

adulterated or misbranded poultry and poultry products. 21 U.S.C. § 452. The PPIA sets standards for acceptable poultry products, directs specific labeling requirements and provides for inspections by the United States Department of Agriculture's Food Safety and Inspection Service. *Drayton v. Pilgrim's Pride Corp*, No. Civ. A. 03-2334, 2004 WL 765123 (E.D. Pa. Mar. 31, 2004) (citing 21 U.S.C. §§ 445-458). In addition, the PPIA confers jurisdiction to the federal courts to enforce and prevent violations of the act. 21 U.S.C. § 467c.

6.  After having considered the parties' contentions, pertinent case law, and 21 U.S.C. § 467c, the court concludes that it is without jurisdiction to hear Albu's claims against Allen. Section 467c provides that "[a]ll proceedings for the enforcement or to restrain violations of this chapter shall be by and in the name of the United States." *Id.* Thus, the PPIA's enforcement is the responsibility of the United States Government. Consequently, an individual citizen or corporation, such as Albu, has no standing to enforce section 467c, because the PPIA has created no private right of action. *See Rogers v. Tyson Foods Inc.*, 308 F.3d 785, 790 (7th Cir. 2002) ("the PPIA provides no private right of action"). Accordingly, Albu's case must be dismissed because it does not have Article III standing to bring suit under section 467c.

Therefore, IT IS HEREBY ORDERED that:

1.  The defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (D.I. 6) is GRANTED.
2.  The Clerk of Court is directed to close this case.

Dated: January 10, 2007                             /s/ Gregory M. Sleet
                                                    UNITED STATES DISTRICT JUDGE